UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION
CINCINNATI, OHIO

| | | |
|---|---|---|
| **JOHN DOE** | : | **CASE NO.** _____ |
| c/o Rittgers & Rittgers | : | |
| 12 E. Warren St. | : | **JUDGE** |
| Lebanon, Ohio 45036 | : | |
| | : | |
| Plaintiff, | : | **COMPLAINT; JURY DEMAND** |
| | : | **ENDORSED HEREON** |
| vs. | : | |
| | : | |
| **BOARD OF EDUCATION OF** | : | |
| **FAIRLAND LOCAL SCHOOL** | : | |
| **DISTRICT** | : | |
| 228 Private Dr. 10010 | : | |
| Proctorville, Ohio 45669 | : | |
| | : | |
| and | : | |
| | : | |
| **TROY GLENN DILLON** | : | |
| 52 Twp Rd 340 | : | |
| Proctorville, Ohio 45669 | : | |
| | : | |
| Defendants. | : | |

Now comes Plaintiff, by and through counsel, and for his Complaint states as follows:

## PARTIES

1. Plaintiff is a 19-year-old male and former student of Defendant Fairland Local School District. Plaintiff moves this Court to proceed under the pseudonym "John Doe," as he is the victim of childhood sexual abuse and publicity of his true identity will cause further unwarranted trauma to him. Plaintiff's true identity is known to Defendants, or will be made known to them upon request to Plaintiff's counsel.

1

2. Defendant Board of Education of Fairland Local School District (hereinafter "School") is a political subdivision of the State of Ohio which operates a public high school in Lawrence County, Ohio.

3. Defendant, Troy Glenn Dillon (hereinafter "Dillon"), was the Principal of Fairland High School when he obtained the information and committed the acts and omissions stated elsewhere in this Complaint. Dillon is being sued in both his individual and official capacities.

## JURISDICTION AND VENUE

4. Plaintiff incorporates his previous allegations as if fully rewritten herein.

5. This Court has jurisdiction over the federal claims in this case pursuant to 28 U.S.C. § 1331. Venue in this Court is appropriate as the actions giving rise to Plaintiff's claims occurred in Lawrence County, Ohio, within this district, and Defendants are located or reside within the district.

6. Plaintiff, through his mother since Plaintiff was a minor at the time, previously filed suit in Lawrence County, Ohio, against these Defendants under state law. The case was dismissed by the trial court on sovereign immunity grounds, R.C. 2744. No federal claims were brought in the state court action, so this lawsuit is not affected by *res judicata,* collateral estoppel, or other legal defenses arising from the previous case.

## FACTS COMMON TO ALL CAUSES OF ACTION

7. Plaintiff incorporates his previous allegations as if fully rewritten herein.

8. During the 2017-2018 school year, Amy Lugones (nka Adkins) was a new teacher at Fairland High School, having just been hired by School following a short, controversial tenure at Wayne County and Spring Valley High Schools in West Virginia.

9. While at Wayne County and Spring Valley High Schools as a student teacher and teacher, Lugones engaged in sexual grooming and exploitation of minor students.

10. School was aware of the unfit past of Lugones but hired her anyway and failed to properly train or supervise her.

11. Neither Plaintiff nor his parents had been warned of Lugones's history of sexual harassment, sexual grooming and misconduct and were not otherwise aware of it.

12. During the 2017-2018 school year, Lugones selected Plaintiff as her next victim and began the grooming process, including the devotion of a great deal of one-on-one time with Plaintiff in open view of Dillon and other School employees and administrators.

13. By April 2018, Lugones had completed the grooming process and fully seduced Plaintiff, who was then 15 years old, with sexual intercourse.

14. Within days of the sexual intercourse, Dillon met one-on-one with Plaintiff to address knowledge Dillon had obtained about the exploitation. Plaintiff, who had been threatened by Lugones and was fearful of adverse ramifications for his perceived fault in the exploitation, denied any sexual relationship with Lugones.

15. The day following Plaintiff's denial, Plaintiff retracted the denial and fully confessed the exploitation to Dillon. Rather than aiding the child crime victim, Dillon retaliated against Plaintiff by suspending him from school.

16. During the pattern of grooming and escalation of Lugones's sexual aggressiveness, Plaintiff felt helpless to stop the advances for fear of retaliation by Lugones or the School.

17. School receives federal funding.

18. School is responsible for providing public education to minor students, including Plaintiff, through (a) oversight and supervision of all School functions, School property and

3

School student programs; and (b) the hiring, supervision, management, assignment, control and regulation of individuals who serve as staff members, including but not limited to School teachers, as well as the review and supervision of curricula developed by the district, schools and teachers.

19. School is also responsible for all policies and procedures within the School. This charge and responsibility includes supervision and discipline of teachers and administrators including but not limited to Lugones.

20. The sexual abuse of Plaintiff occurred while Plaintiff was under the control of Lugones, in areas of the School to which Lugones had access by virtue of her employment.

21. Dillon and other members of the administration of School were mandated reporters of child abuse pursuant to Ohio law.

22. Despite knowledge of Lugones's propensity to sexually harass, offend and intimidate students and knowledge of Lugones's grooming of students for sexual abuse, School and Dillon nevertheless: (a) permitted Lugones to have unsupervised access to various rooms and areas of the School; (b) permitted Lugones to have unsupervised contact with students after hours; (c) did not report the acts of Lugones to law enforcement that constituted sexual harassment, sexual grooming and sexual abuse; (d) did not competently investigate the complaints of students about Lugones's conduct; (e) did not warn and/or disclose to the students, including Plaintiff, the concerns about Lugones; (f) failed to comply with the duties set forth in district policies and procedures and Ohio law and federal law; (g) concealed Lugones's sexual harassment, sexual grooming and sexual abuse of students prior to Plaintiff's abuse; (h) were deliberately indifferent to the safety, security and well-being of students at the School, including but not limited to Plaintiff; (h) prevented students, including Plaintiff, from receiving an education without a

condition of such education being sexual harassment, sexual grooming and sexual abuse; and (i) promoted School policies that fostered a climate to flourish where innocent students, including Plaintiff, were victims of sexual abuse.

## FIRST CAUSE OF ACTION
(Title IX, 20 U.S.C. § 1681, *et seq.*)

23. Plaintiff incorporates his previous allegations as if fully rewritten herein.

24. Title IX of the Education Amendments of 1972 requires that "No person… shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance…"

25. At least by 2018, School possessed actual notice that it could be liable under Title IX for teacher-on-student sexual harassment, sexual grooming, sexual discrimination and sexual abuse.

26. At least by 2018, School possessed actual knowledge of Lugones's sexual harassment, sexual grooming, sexual discrimination and sexual abuse of students.

27. At least by 2018, School possessed actual knowledge that Lugones had a high potential to sexually abuse male students.

28. Plaintiff in 2017-2018 and thereafter was subjected to discrimination in his education at School based on his gender in that he suffered teacher-on-student sexual harassment, sexual grooming and sexual abuse as a condition of his receipt of an education at CTC.

29. School failed to take appropriate corrective action, thereby acting with deliberate indifference to the rights and safety of Plaintiff in one or more of the following ways: (a) failing to report teacher-on-student sexual harassment, sexual grooming and sexual abuse to appropriate authorities; (b) failing to cure or even attempt to cure obvious and known risks to minor male students at School placed under Lugones's supervision and authority; (c) failing to communicate

any precautions, directives or educational materials that might be utilized between parent and child to identify inappropriate conduct that occurred between any student and adult, whether generally or specifically in relation to Lugones; (d) allowing Lugones to have unsupervised contact with minor male students, including Plaintiff, without conducting, documenting and concluding a competent investigation into the allegations and specific facts brought to light prior to that time; and (e) allowing Lugones to have unsupervised access to various rooms and areas at School.

30. The deliberate indifference, actions and omissions described above caused Plaintiff to suffer criminal sexual abuse by Lugones in 2018.

31. Title IX requires School to provide educational opportunity on an equal basis to all students regardless of their gender.

32. School failed to comply with Title IX in that despite prior reports of misconduct, School continued to allow Lugones unsupervised access to minor male students and access to certain rooms and areas where Lugones had the privacy to carry out the sexual abuse of minor male students, including Plaintiff.

33. School failed to comply with Title IX in that it failed to ensure that the education provided to minor male students would be on an equal basis compared to the education provided by School to minor male students.

34. School also failed to comply with Title IX when it deprived Plaintiff of his access to education by suspending him from school after he fully confessed the crimes of Lugones to Dillon.

35. 20 U.S.C. § 1981 affords Plaintiff a civil cause of action for damages. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 20 USC § 1981.

36. As a direct and proximate result of the conduct of School as described herein, Plaintiff has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, posttraumatic stress disorder, fatigue, social anxiety, anger, panic attacks and as a result thereof he has and will continue to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of a normal life; (d) medical and counseling expenses; and (e) lost wages.

## SECOND CAUSE OF ACTION
(42 U.S.C. § 1983 - Dillon)

37. Plaintiff incorporates his previous allegations as if fully rewritten herein.

38. Prior to Plaintiff's abuse by Lugones, Dillon knew or reasonably should have known that Lugones exhibited dangerous propensities and was a threat of harm to minor male students, including Plaintiff.

39. Dillon was uniquely aware of Lugones's propensity to commit acts of sexual harassment, sexual grooming, sexual abuse or misconduct against minor male students, including Plaintiff, making Lugones's future misconduct and the harm that was likely to result from that future misconduct reasonably foreseeable to Dillon.

40. Dillon was uniquely aware that Lugones had used School property to perpetrate acts of sexual harassment, sexual grooming, sexual abuse and/or misconduct against minor male students to which Lugones had access by and through her employment with School.

7

41. Dillon turned a blind eye to complaints of sexual harassment, sexual grooming, sexual abuse and misconduct, ignored complaints, failed to respond to allegations of misconduct, and acted with deliberate indifference to the rights of minor male students, including Plaintiff.

42. Plaintiff was deprived of his constitutional liberty and equal protection interests under the Fourteenth Amendment by Dillon's creation and promotion of policies, customs, or practices that fostered a climate to flourish where minor male students, including Plaintiff, were left vulnerable to and actually were subjected to sexual abuse, sexual grooming and sexual harassment by Lugones, an agent, servant and/or employee of School.

43. Dillon was acting under color of law in his role as Principal of Fairland High School.

44. The conduct of Dillon was arbitrary and offensive, shocking the conscience and interfering with minor female students', including Plaintiff's, rights and liberties granted by the Constitution and protected by law.

45. 42 U.S.C. § 1983 affords Plaintiff a civil cause of action for damages. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 42 USC § 1983.

46. As a direct and proximate result of the conduct of Dillon as described herein, Plaintiff has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, posttraumatic stress disorder, fatigue, social anxiety, anger, panic attacks and as a result thereof she has and will continue to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of a normal life; (d) medical and counseling expenses; and (e) lost wages.

47. The conduct of Dillon constituted a violation of trust or confidence, showing complete indifference to or conscious disregard for the safety and well-being of Plaintiff and other minor male students.

48. Justice and the public good require an award of punitive or exemplary damages in such sum which will serve to punish Dillon and to deter like conduct.

### THIRD CAUSE OF ACTION
(42 U.S.C. § 1983 - CTC)

49. Plaintiff incorporates his previous allegations as if fully rewritten herein.

50. School established, through both action and inaction, a widespread policy, practice or custom of allowing sexual harassment, sexual grooming, sexual abuse and misconduct to continue to occur without corrective action.

51. Such policy, practice or custom includes, but is not limited to: (a) failing to report teacher-on-student sexual harassment, sexual grooming and sexual abuse to appropriate authorities; (b) failing to cure or even attempt to cure obvious and known risks to minor male students at School placed under Lugones's supervision and authority; (c) failing to communicate any precautions, directives or educational materials that might be utilized between parent and child to identify inappropriate conduct that occurred between any student and adult, whether generally or specifically in relation to Lugones; (d) allowing Lugones to have unsupervised contact with minor male students, including Plaintiff, without conducting, documenting and concluding a competent investigation into the allegations and specific facts brought to light prior to that time; (e) allowing Lugones to have unsupervised access to various rooms and areas at School while having absolutely no effective plan for supervision or surveillance of Lugones.

52. School established such policy, practice or custom which fostered a climate facilitating sexual abuse of minor students by Lugones and evidenced a reckless disregard and/or

9

a deliberate indifference to the consequence that such action or inaction may, and did, have on minor male students at School, including Plaintiff.

53. School board members and administrators, and Dillon in particular, had final policymaking authority of School and exercised that granted authority in making decisions that perpetuated and/or allowed the sexual abuse of Plaintiff by Lugones and caused Plaintiff's harm to occur and/or continue.

54. Plaintiff was deprived of his constitutional liberty interest and equal protection under the Fourteenth Amendment by School's creation and promotion of policies, customs, or practices that fostered a climate to flourish where minor male students, including Plaintiff, were left vulnerable to and actually were subject to sexual abuse by Lugones, an agent, servant and/or employee of School.

55. School's conduct was arbitrary and offensive, shocking the conscience and interfering with minor male students', including Plaintiff's, rights and liberties granted by the Constitution and protected by law.

56. 42 U.S.C. § 1983 affords Plaintiff a civil cause of action for damages. 42 U.S.C. § 1988 identifies damages, court costs, litigation expenses and attorney's fees as within the remedies available in an action brought pursuant to 42 USC § 1983.

57. As a direct and proximate result of the conduct of School as described herein, Plaintiff has sustained severe and permanent bodily injury, sickness and/or disease, including but not limited to sleep disturbance, nightmares, depression, posttraumatic stress disorder, fatigue, social anxiety, anger, panic attacks and as a result thereof he has and will continue to experience: (a) physical and mental pain and suffering; (b) emotional distress; (c) loss of a normal life; (d) medical and counseling expenses; and (e) lost wages.

58. The conduct of School constituted a violation of trust or confidence, showing complete indifference to or conscious disregard for the safety and well-being of Plaintiff and other minor male students.

59. Justice and the public good require an award of punitive or exemplary damages in such sum which will serve to punish School and to deter like conduct.

WHEREFORE, Plaintiff respectfully demands judgment against Defendants for compensatory damages in an amount to be determined by the jury, punitive damages, attorney fees, costs and all other relief to which he may be entitled.

/s/ *Konrad Kircher*
Konrad Kircher (0059249)
Ryan J. McGraw (0089436)
RITTGERS & RITTGERS
12 E. Warren St.
Lebanon, Ohio 45036
(513) 932-2115
(513) 934-2201 Facsimile
konrad@rittgers.com
ryan@rittgers.com

/s/ *Bruce W. MacDonald*
Bruce W. MacDonald (0037905)
McBRAYER, McGINNIS & LESLIE, PLLC
402 Main Street, Suite 2
P.O. Box 280
Greenup, KY 41144-0280
(606) 473-7303
(606) 473-9003 facsimile
brucemac@mmlkadvantage.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands trial by a jury on all issues so triable.

/s/ *Konrad Kircher*
Konrad Kircher (0059249)