IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| JOHN DOE, | : |
| *Plaintiff*, | : Case No. 1:22-cv-44 |
| vs. | : Judge Jeffery P. Hopkins |
| BOARD OF EDUCATION OF FAIRLAND LOCAL SCHOOL DISTRICT, *et al.*, | : |
| *Defendants*. | : |

## OPINION AND ORDER

Plaintiff John Doe has filed this action pseudonymously, seeking to hold the Fairland Local School District Board of Education ("FLSD") and Fairland High School ("FHS") Principal Troy Glenn Dillon accountable for sexual abuse he suffered at the hands of a teacher while a student at FHS. Compl., Doc. 1. Defendants move to dismiss on the basis of claim preclusion (*res judicata*). Doc. 10. For the reasons set forth below, the Court **GRANTS** Defendants' Motion to Dismiss (Doc. 10) and **DISMISSES** Doe's Complaint (Doc. 1) **WITH PREJUDICE**.

I.  **BACKGROUND**

John Doe is a graduate of FHS. Doc. 1, ¶ 1. While a student at FHS, Doe took classes taught by Amy Lugones (n/k/a Adkins), the new Spanish language teacher. *Id.* at ¶ 8. Before joining FHS, Lugones had previously taught at Wayne County and Spring Valley High Schools in West Virginia. *Id.* There, Lugones had allegedly engaged in sexual grooming and exploitation of minor students. *Id.* at ¶ 9. FHS hired her nonetheless. *Id.* at ¶ 10. During the 2017-18 school year at FHS, Lugones began sexually grooming John Doe, then aged just 15

years old. *Id.* at ¶ 12. By April 2018, the relationship culminated in sexual intercourse. *Id.* at ¶ 13. Within days of the encounter, Lugones had "threatened" Doe, who later became "fearful of adverse ramifications for his perceived fault in the exploitation." *Id.* at ¶ 14.

On March 17, 2020, Doe's mother[1] filed suit against Lugones, Dillon, and FLSD in the Lawrence County, Ohio Court of Common Pleas. *See Doe v. Lugones*, Lawrence Cnty. C.P. No. 20OC000216.[2] The complaint asserted six claims against the three defendants, including: Civil Assault and Battery; Negligent Hiring, Retention, Training, and Supervision; Negligent Supervision of Student Doe; Negligence of Defendant Dillon; Negligence Per Se; and Intentional Infliction of Emotional Distress. *See* Doc 10-1. Dillon and FLSD filed a motion to dismiss Mother Doe's complaint, asserting that they were immune under Ohio's statutory immunity for political subdivisions. *See* Ohio Rev. Code § 2744.01 *et seq.* The Common Pleas Court denied the motion. *See Doe* (J. Entry filed Aug. 7, 2020). Dillon and FLSD appealed. *Id.* (Notice of Appeal filed Sept. 1, 2020).

In a fifty-five-page decision, the Fourth District Court of Appeals concluded that Dillon and FLSD were immune from Mother Doe's claims, reasoning that no exception to Ohio's political subdivision immunity statute applied. *Student Doe v. Adkins*, 2021-Ohio-3389, ¶ 40 (4th Dist.). The Court of Appeals reversed the Court of Common Pleas' decision on the motion to dismiss and remanded the case for final entry of judgment. *Id.* at ¶ 103. The Court

---

[1] Doe's mother proceeded as the then-minor Doe's parent and next friend. *See* Ohio Civ. R. 17(B).

[2] A district court may take notice of judicial proceedings on a motion to dismiss without converting the motion to one for summary judgment. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 576 (6th Cir. 2008) (explaining that judicial notice may be taken "not for the truth of the facts recited [in a judicial opinion], but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity").

of Common Pleas complied, granting the motion and entering judgment in favor of Dillon and FLSD. Doc 10-2. *See also Doe* (J. Entry filed Sept. 28, 2021).

Four months later, on January 23, 2022, Doe (no longer of minor age) filed the instant action. Doc. 1. He now asserts claims under Title IX of the Education Amendments of 1972 and 42 U.S.C. § 1983. *Id*. Defendants move to dismiss the Complaint, arguing Doe's new claims are barred by claim preclusion. Doc. 10. The motion is fully briefed and ripe for adjudication.

## II.  STANDARD OF REVIEW

Defendants seek to dismiss the Complaint for failure to state a claim under Rule 12(b)(6).[3] A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted" under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This, however, requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable interference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Indeed, under the plausibility standard set forth in *Twombly* and *Iqbal*, courts play an important gatekeeper role, ensuring that claims meet a plausibility threshold before defendants are subjected to the potential rigors (and costs) of the discovery process.

---

[3] Defendants also argued that the Complaint should be dismissed for lack of subject-matter jurisdiction because Doe is not named in the pleadings. (Doc. 10 (citing Rule 12(b)(1)).) This Court has since granted Doe's motion to proceed anonymously. Defendants' argument under Rule 12(b)(1) is now moot.

"Discovery, after all, is not designed as a method by which a plaintiff discovers whether he has a claim, but rather a process for discovering evidence to substantiate plausibly-stated claims." *Green v. Mason*, 504 F. Supp. 3d 813, 827 (S.D. Ohio 2020).

In deciding a motion to dismiss, the district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007). In doing so, the district court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby County,* 220 F.3d 433, 446 (6th Cir. 2000).

### III. LAW AND ANALYSIS

In their Motion to Dismiss, Defendants argue that Doe's claims are barred by claim preclusion (which they refer to as *res judicata*).[4] Doc. 10, PageID 27. This Court agrees. Under the doctrine of *res judicata*, state court judgments are given the same preclusive effect in federal court as they would have received in the courts of the rendering state. *Hapgood v. City of Warren*, 127 F.3d 490, 493 (6th Cir. 1997) (further citation omitted). Federal courts thus look to state law to determine whether a state would give any particular judgment preclusive effect. *Id*. (citing *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75 (1984)).

Looking to Ohio law, this Court notes that "the doctrine of *res judicata* consists of the two related concepts of claim preclusion . . . and issue preclusion[.]" *Doe ex rel. Doe v. Jackson Local Schs. Sch. Dist.*, 422 F. App'x 497, 500 (6th Cir. 2011) (quoting *O'Nesti v. DeBartolo Realty Corp.*, 2007-Ohio-1102, ¶ 6). Claim preclusion "prevents subsequent actions, by the same

---

[4] Defendants also separately move to dismiss the Complaint by arguing that the Court lacks jurisdiction over Plaintiff because he proceeded pseudonymously without leave of court. *See* Doc. 10, PageID 25–27. The Court declines to visit this issue as the Court finds it sufficient only to entertain Defendants' arguments under Fed. R. Civ. P. 12(b)(6)—that Plaintiff fails to state a claim upon which relief can be granted. *Id*. at PageID 27.

parties or their privies, based upon any claim arising out of a transaction that was the subject matter of a previous action." *Doe ex rel. Doe*, 422 F. App'x at 500 (quoting *O'Nesti*, 2007-Ohio-1102, at ¶ 6). Claim preclusion also "bars subsequent actions whose claims 'could have been litigated in the previous suit.'" *Doe ex rel. Doe*, 422 F. App'x at 500 (quoting *O'Nesti*, 2007-Ohio-1102, at ¶ 6). Issue preclusion, on the other hand, "prevents the 'relitigation of any fact or point that was determined by a court of competent jurisdiction in a previous action between the same parties or their privies,' even if the causes of action differ." *Doe ex rel. Doe*, 422 F. App'x at 500 (quoting *'Nesti*, 2007-Ohio-1102, at ¶ 7); *see also Fort Frye Teachers Ass'n v. State Emp't Relations Bd.*, 81 Ohio St.3d 392, 395 (1998).

Only claim preclusion is at issue here. *See* Doc. 10, PageID 28. Under Ohio law, claim preclusion has four elements:

> (1) a prior final, valid decision on the merits by a court of competent jurisdiction; (2) a second action involving the same parties, or their privies, as the first; (3) a second action raising claims that were or could have been litigated in the first action; and (4) a second action arising out of the transaction or occurrence that was the subject matter of the previous action.

*Hapgood*, 127 F.3d at 493 (applying Ohio law). Defendants argue that all four elements are met here. The Court agrees.

Unfortunate as the circumstances in each of these sordid affairs are, this case is on all fours with *Doe ex rel. Doe v. Jackson Local School District*, 422 F. App'x 497 (6th Cir. 2011). There, the mother of a minor student filed suit after the minor student was sexually abused by another student while riding the school bus. *Id.* at 498–99. The mother brought state-law claims against the school district and the bus drivers in state court. *Id.* at 499. The defendants moved for summary judgment on political-subdivision immunity grounds. *Id.* The Court of Common Pleas denied the motion and defendants appealed. *Id.* The Ohio Court of Appeals

concluded that the defendants were immune from suit under Ohio Rev. Code Ann. § § 2744.02–2744.03 and remanded the case for entry of judgment. *Id*. The mother then filed suit in the Northern District of Ohio asserting federal claims arising from the same incident and abuse. *See Doe v. Jackson Local Sch. Sch. Dist.*, 695 F.Supp.2d 627, 630–33 (N.D. Ohio 2010). Eventually, the Sixth Circuit Court of Appeal evaluated whether her federal case was barred by claim preclusion. *Doe ex rel. Doe*, 422 F. App'x at 500. The Sixth Circuit found that all four elements of Ohio claim preclusion were present, and the plaintiff's claims were barred. *Id*. at 501–02. The same is true here.

*First*, the Court of Common Pleas' September 28, 2021 Judgment Entry (the "Judgment Entry") is a final and valid decision on the merits. Under Ohio's Rules of Civil Procedure, a dismissal for any reason except lack of jurisdiction or failure to join a party "operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies." Ohio Civ. R. 41(B)(3). The Judgment Entry in Doe's state court action was not for lack of jurisdiction or failure to join a party, and the Judgment Entry does not specify that the cause was dismissed other than on the merits. The Judgment Entry therefore satisfies the first element of claim preclusion.[5] *See also Customized Sols., Inc. v. Yurchyk & Davis, CPA's, Inc.*, 2003-Ohio-4881, ¶ 23 (7th Dist.) (explaining that "if [a] Civ.R. 12(B)(6) dismissal

---

[5] Plaintiff contends that "the first element of [Defendants'] res judicata fails, since a dismissal on immunity grounds is not a decision on the merits." Doc. 11, PageID 56. Plaintiff cites to one (1) authority for this proposition: *Alpha Plaza Investments, Ltd. v. City of Cleveland*, 2018-Ohio-486. But in *Alpha*, the Eighth District Court of Appeals was presented with additional arguments on appeal "not relative to immunity that were raised by the [defendant-city]" and stated that it "only [had] jurisdiction to decide the issue of sovereign immunity and not the [other] issues that go to the merits of [the parties'] claims." *Alpha Plaza Investments, Ltd. v. City of Cleveland*, 2018-Ohio-486, ¶ 22 (quoting *Reinhold v. Univ. Hts.*, 2014-Ohio-1837, ¶ 21). Thus, it is a misreading of *Alpha* for Plaintiff to claim that the Court of Appeals held that a decision on immunity grounds is not a final decision on the merits because, in *Alpha*, the Court of Appeals was only adjudicating upon the immediate issues which were being appealed. *See also Hood v. United States*, No. 1:16-cv-400, 2017 WL 3115696, at *1 (W.D. Mich. July 21, 2017) (finding that a court holding that a claim was barred by sovereign immunity, and in the alternative, by the statute of limitations, was a "final decision on the merits").

order fails to state that it is without prejudice or that it is not on the merits, then the dismissal is automatically categorized as a dismissal with prejudice or on the merits").

*Second*, this action involves the same parties, or their privies, as the state court action. Under Ohio law, when the parties to a first and subsequent action are not identical, courts apply "a broad definition to determine whether the relationship between the parties is close enough to invoke the doctrine." *Kirkhart v. Keiper*, 101 Ohio St.3d 377, 379 (2004). Privity may thus be established by a "mutuality of interest, including an identity of desired result[.]" *Id*. (quoting *Brown v. Dayton*, 2000-Ohio-148, ¶ 4). Thus, this Court holds that such mutuality of interest exists here between Doe and his mother. In both the state court action and the case *sub judice*, the pleadings seek compensatory and punitive damages for the same episode of abuse Doe suffered while a student at FHS and against the same defendant-parties.[6] *Compare* Doc. 1, PageID 11 *and* Doc. 10-1, PageID 52. Doe argues that he should not be considered in privity with his mother because she selected "incompetent counsel" to litigate the state court action. (Doc. 11, PageID 56–57.) While it is true that "the relationship of a parent and child does not automatically create privity," it is noteworthy "that in the cases espousing this principle the interests of the parent and the child were clearly different." *Broxterman v. Broxterman*, 101 Ohio App. 3d 661, 664 (1st Dist. 1995) (collecting cases). Here, there is no indication that the interests of Doe and his mother "were clearly different," let alone that they diverged at all. *Id*. And importantly, the appropriate remedy for harm caused by "incompetent

---

[6] Only two of the three defendants in the previous state court action are Defendants in the current federal action (Dillon and FLSD). Lugones is not a defendant in this action. *See* Doc. 1.

counsel" is a malpractice action; not a second bite at the apple.[7] The second element of claim preclusion is therefore also satisfied.

*Third*, this action raises claims that could have been litigated in the state court action. "*Res judicata* promotes the principle of finality of judgments by requiring plaintiffs to present every possible ground for relief in the first action." *Kirkhart*, 101 Ohio St.3d at 378 (citing *Nat'l Amusements, Inc. v. Springdale*, 53 Ohio St.3d 60, 62 (1990)). Doe does not dispute that the claims now before this Court could have been asserted before the state court. *See* Doc. 11. Thus, the third element of claim preclusion is satisfied.

*Fourth*, and finally, this action seeks to resurrect claims that arose from the same transaction or occurrence as the state court action. "A transaction or occurrence is defined as a common nucleus of operative facts." *Doe ex rel. Doe*, 422 F. App'x at 501 (applying Ohio law) (citation and internal quotations omitted). The state court action and this case are premised upon an identical nucleus of operative facts—namely, Lugones's sexual abuse of Doe during the 2017-18 school year while Doe was a student at FHS. *Compare* Doc. 1 *and* Doc. 10-1. The claims are not, in Plaintiff's words, "significantly different," Doc. 11, PageID 58, simply because the legal theories Doe pursues here are for federal claims and those Doe pursued in his initial state court action were for state law claims. *Doe ex rel. Doe*, 422 F. App'x at 501–02 (quoting *Grava v. Parkman Twp.*, 1995-Ohio-331, ¶ 8) ("That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims.") The critical question here is whether Plaintiff's claims "share a common nucleus of operative facts with [Plaintiff's] claims in the

---

[7] The Court makes no comment on the propriety of the attorney's alleged misconduct in the state court action.

[s]tate [c]ourt [a]ction." *Doe ex rel. Doe*, 422 F. App'x at 502. Because that query is answered in the affirmative, the fourth element of claim preclusion is satisfied.

## IV. CONCLUSION

Doe's claims are barred by claim preclusion. Thus, the Court **GRANTS** Defendants' Motion to Dismiss (Doc. 10) and **DISMISSES** Doe's Complaint (Doc. 1) **WITH PREJUDICE**. The Court **ORDERS** the clerk to **ENTER JUDGMENT** and **TERMINATE** this matter from the docket.

**IT IS SO ORDERED.**

March 19, 2025

Jeffery P. Hopkins
United States District Judge